UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN EDWARD PATRICK MUTZ,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
                                      /

Case No. 2:18-cv-13703

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING
OBJECTIONS [14], ADOPTING REPORT
AND RECOMMENDATION [13], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [11], AND GRANTING
THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [12]**

The Commissioner of the Social Security Administration ("SSA") denied Steven Edward Patrick Mutz's application for supplemental security income and disability insurance benefits in a decision issued by an administrative law judge ("ALJ"). ECF 9-2, PgID 46–56. After the SSA Appeals Council declined to review the ruling, Mutz appealed. ECF 1.

The Court referred the matter to Executive Magistrate Judge R. Steven Whalen and the parties filed cross-motions for summary judgment. ECF 3, 11, 12. The magistrate judge issued a report and recommendation ("Report") and advised the Court to deny Mutz's motion and grant the Commissioner's motion. ECF 13. Mutz timely objected to the Report. ECF 14. After examining the record and considering Mutz's objection, the Court concludes that his arguments lack merit. The Court will

therefore overrule Mutz's objection, adopt the Report's findings, deny Mutz's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly detailed the events giving rise to Mutz's action against the Commissioner. ECF 13, PgID 428–36. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Individuals who receive an adverse final decision from the Commissioner of Social Security may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). The ALJ is not required to "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he

implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

Civil Rule 72(b) governs the review of a magistrate judge's report. The Court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of the Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When conducting a de novo review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Mutz objects to the magistrate judge's finding "that the [ALJ's] residual functional capacity ("RFC") assessment was supported by substantial evidence and did not require a more detailed function by function analysis." ECF 14, PgID 450. Mutz's objection rehashes arguments he already presented in his motion for summary judgment that the Report addressed and rejected. *Compare* ECF 11, PgID 389–91 *with* ECF 14, PgID 453–55. Mutz's challenge was "not a proper objection to the [Report], as required by Fed. R. Civ. P. 72(b), because it merely rehashes [Mutz's] arguments." *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017) (citing *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008)). The Court is therefore not obligated to address the objection.

3

*Markgraff v. Comm'r of Soc. Sec.*, No. 2:17-cv-10511, 2018 WL 654838 at \*2 (E.D. Mich. Jan. 31. 2018) (citing *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 (W.D. Mich. Mar. 28, 2013)).

Moreover, Mutz's objection is misplaced. The ALJ and magistrate judge properly analyzed Mutz's RFC. Mutz first contends that the "ALJ's RFC finding represented a conclusion rather than a description of what Plaintiff could do and what limitations he had" and that the "ALJ should have discussed and/or included [in her opinion] the long list of limitations listed by the state agency medical expert, Dr. Robert Newhouse M.D." ECF 14, PgID 451–52.

The Disability Determination Explanation form that Dr. Newhouse prepared cautions that "[t]he questions below help determine the Individual's ability to perform sustained work activities. However, the actual mental residual functional capacity assessment is *recorded in the narrative discussion(s),* which describe how the evidence supports each conclusion." ECF 9-3, PgID 89–90 (emphasis added); *see also Shoup v. Comm'r of Soc. Sec.*, No. 1:16-CV-581, 2017 WL 2240511 at \*6 (W.D. Mich. Mar 23, 2017) (recognizing the same RFC assessment form disclaimer). Mutz takes no issue with the actual RFC assessment in Dr. Newhouse's *narrative discussion*. The first part of his objection therefore fails. And his reliance on *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir.) does not advance the argument. In *Howard*, the court found that the ALJ had selectively included "only those potions of the [intake] report that cast Howard in a capable light suggest[ed] that he only considered part of the report in formulating his conclusion." *Id.* at 240. Here, the ALJ did not selectively

4

include certain portions of the report. Rather, the ALJ properly limited her discussion to the portion of the form that constituted the actual RFC assessment.

Second, Mutz argues that the ALJ erred by not providing the vocational expert "with an accurate description of Plaintiff's abilities and limitations" and not relying on the vocational expert's answers to hypothetical questions. ECF 14, PgID 453–54. But, "[i]t is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ asked the vocational expert about a hypothetical person and added certain limitations to the hypothetical person throughout the questioning. *See* ECF 9-2, PgID 77–80. But the ALJ is not bound by the vocational expert's answers. *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019). "Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations." *Id.* Neither must an ALJ "identify the claimant's precise limitations before posing hypothetical questions to the vocational expert." *Id.* (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987)). Because the ALJ is not required to identify all the claimant's limitations and is not bound by answers to hypotheticals that may have included limitations she later found the claimant did not have, the second part of Mutz's objection is overruled.

Third, Mutz contends that the ALJ and magistrate judge erred when they cited "Dr. Blenman's encouragement to Plaintiff to consider looking for a part time job."

ECF 14, PgID 455. The ALJ, however, "did not err by considering [Mutz's] ability to maintain part-time employment as one factor relevant to the determination of whether he was disabled." *Miller v. Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013). Both the ALJ and the magistrate judge made it clear that Dr. Blenman's encouragement was just one factor they considered. The ALJ also considered factors such as Mutz's "ability to handle his own laundry and go to the library to check out books," ECF 9-2, PgID 54, and the magistrate judge considered factors such as Mutz's performance in high school and his ability to read novels, ECF 13, PgID 447. Because the ALJ and magistrate judge did not err by citing Dr. Blenman's encouragement as one factor they considered, the Court will overrule the third and final part of Mutz's objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Mutz's objection. The Court will overrule Mutz's objection, adopt the Report's recommendation, grant the Commissioner's motion for summary judgment, and deny Mutz's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Mutz's objection [14] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [13] is **ADOPTED**.

6

**IT IS FURTHER ORDERED** that Mutz's motion for summary judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [12] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: October 31, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 31, 2019, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager